**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **KIRK T.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   **Civil Action No. CBD-19-1274** |
| | ) |
| **ANDREW SAUL,**[1] | ) |
| | ) |
|    **Commissioner,** | ) |
|    **Social Security Administration** | ) |
| | ) |
|    **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act and Social Security Act, 42 U.S.C. § 406(b) and 1383(d)(2) ("Plaintiff's Motion"). ECF No. 18. The Court has reviewed Plaintiff's Motion, the opposition thereto, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **GRANTS IN PART** Plaintiff's Motion. A separate Order will issue.

**I.**    **Procedural Background**

On April 30, 2019, Plaintiff filed the Complaint with this Court seeking judicial review of the Social Security Administration's final decision denying Plaintiff's claim for supplemental security income under Title XVI of the Social Security Act. ECF No. 1. On September 13,

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration ("Commissioner"). On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

2019, Plaintiff filed a Motion for Summary Judgment and a Brief in Support of Motion for Summary Judgment.  ECF No. 13.  On November 1, 2019, Defendant filed a Motion for Summary Judgment and a Memorandum of Law in Support of its Motion for Summary Judgment.  ECF No. 14.  On June 4, 2020, the Court in a memorandum opinion, granted Plaintiff's Alternative Motion and remanded the ALJ's decision back to the Commissioner.  ECF No. 16.  On July 6, 2020, Plaintiff filed the instant motion seeking attorneys' fees in the amount of $4,088.50.  Pl.'s Mot. 1, ECF No. 18.

## II.     Analysis

Plaintiff's counsel seeks to recover $4,088.50 under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412, for representing Plaintiff in the Social Security Disability claim before this Court.  Pl.'s Mot. 1.  Plaintiff's counsel avers that Plaintiff was the prevailing party "by virtue of the Order remanding the case to the Commissioner for further proceedings on June 4, 2020."  Pl.'s Mem. in Supp. of Mot. 2, ECF No. 18–1.  According to Plaintiff's counsel, he expended 22.1 hours litigating this case before the Court at an hourly rate of $185.00.  *See* Schedule of Services Performed Before the United States District Court for the District of Maryland ("Invoice"), ECF No. 18–2.

Defendant avers that it "does not challenge Plaintiff's right to a reasonable fee as the prevailing party in this case."  Def.'s Opp. to Pl.'s Pet. 1, ECF No. 19.  However, Defendant does challenge the reasonableness of the fee requested, and avers that the fee should be reduced by 15%.  *Id.*  According to Defendant, the fee petition is unreasonable because 9.9 hours were expended for "Reviewed file and made outline of Transcript," and "Reviewed outline and made outline of transcript," which was "excessive, redundant or otherwise unnecessary."  *Id.* at 3–4.  Defendant requests that the total fee awarded be $3,476.15 which represents "18.79 hours of attorney work at the requested hourly rate of $185.00."  *Id.* at 5.

2

1. **Due to the Order remanding the case to the Commissioner for further review, Plaintiff was the prevailing party in this matter, and Defendant was not substantially justified in defending this case under 28 U.S.C. § 2412.**

Under 28 U.S.C. § 2412:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). A party seeking an award under EAJA, must submit an application to the Court showing that: (1) he or she is the prevailing party eligible to receive an award and (2) the amount sought, including an itemized statement of the actual time expended and the rate at which fees and other expenses were computed. *Id.* at (d)(1)(B).

In this case, the Court need not analyze whether Plaintiff's counsel met his burden under 28 U.S.C. § 2412 because Defendant does not challenge Plaintiff counsel's right to a reasonable fee. Def.'s Opp'n to Pl.'s Pet. 1. Due to Defendant's decision to forego challenging counsel's right to a fee, Defendant concedes that Plaintiff was the prevailing party and that Defendant was not substantially justified in defending this matter. Hence, the Court's sole role is to ascertain the reasonableness of the fee requested by Plaintiff's counsel.

2. **Given Plaintiff Counsel's substantial experience with Social Security Disability Law and the relatively small administrative record, the request for 9.9 hours for "Reviewed file and made outline of transcript" and "Reviewed outline and made outline of transcript" is unreasonable.**

Defendant takes specific issue with two times entries: (1) an August 6, 2019 entry for "Reviewed file and make outline of transcript" for 5.2 hours; and (2) an August 12, 2019 entry for "Reviewed outline and made outline of transcript" for 4.7. hours. Def.'s Opp'n 3. According to Defendant, these time entries are excessive, redundant and unnecessary because: (1) Plaintiff's counsel fails to show that the issues in this case were novel or complex; (2) the administrative

3

record was well below the customary range for Social Security Cases; and (3) the errors litigated in this case were common. The Court agrees with Defendant.

Once a court has determined that a party satisfied the threshold conditions for an award under 28 U.S.C. § 2412, that court must determine what fee is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002). "A request for attorney's fees should not result in a second major litigation." *Id.* Where settlement is not possible between the litigants regarding the fee, the "applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). A fee applicant should "submit evidence supporting the hours worked [and] exercise billing judgment with respect to hours worked." *Id.* at 253 (internal citations omitted). "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award . . . .'" *Id.* (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)). The district court must also ensure that the final award is reasonable. *Id.* "[T]he EAJA provides that attorneys for a prevailing party should be paid 'for all time reasonably expended on a matter,' but the EAJA should not 'produce windfalls to attorneys.'" *Id.*

As instructed by the United States Court of Appeals for the Fourth Circuit, in order to find a fee reasonable, "district courts are to consider and make detailed findings with regard to twelve factors relevant to the determination of reasonable attorneys' fees." *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The twelve factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the

> case within the legal community in which the suit arose; (11) the
> nature and length of the professional relationship between attorney
> and client; and (12) attorneys' fees awards in similar cases.

*Id.* at n.28.  When a claim for attorneys' fees is filed in the federal court in Maryland, there is an extra layer of complexity arising from the Court's Local Rules which includes an entire appendix listing "Rules and Guidelines" for how parties are to request reimbursement of fees.  Local Rules, App. B (D. Md. Dec. 1, 2018).

As stated, Plaintiff, is seeking to collect attorneys' fees in the amount $4,088.50 incurred for representing Plaintiff before this Court.  Pl.'s Mot. 1.  To support this request, Plaintiff's counsel filed the instant motion, the Invoice, and an Agreement for Attorney Fees for Services Rendered Before the Federal Court Pursuant to [EAJA] and Social Security Act, 42 U.S.C. §§406(b) and 1383(d)(2), ECF No. 18–3.

While Plaintiff's Motion does not explicitly address all twelve factors set forth by the Fourth Circuit, the filing contains sufficient information to make an independent assessment possible.  Those factors that appear to be significant to the determination of reasonableness in this case are addressed below.  The remaining factors—while the information exists in the filing—present no novel issues or significant impact on the reasonableness of the attorneys' fees requested.[2]

---

[2] The factors that are not addressed in detail in this memorandum are:

> (3) the skill required to properly perform the legal services rendered; (4) the
> attorney's opportunity costs in pressing the instant litigation; . . . (6) the
> attorney's expectations at the outset of the litigation; (7) the time limitations
> imposed by the client or circumstances; . . . (10) the undesirability of the case
> within the legal community in which the suit arose; and (11) the nature and
> length of the professional relationship . . . .

*Barber*, 577 F.2d at 226 n.28.

### i.   (1) The Time and Labor Expended

Plaintiff's counsel included a detailed time log with a breakdown of the hours billed and the tasks completed. Invoice 1–2. According to the Invoice, Plaintiff's Counsel spent 22.1 hours billing $4,088.50 in legal fees to litigate this case. *Id.* at 2. The fee was calculated using the rate of $185.00 per hour for Plaintiff counsel's attorney rate.

Generally, administrative or secretarial work should not be compensated as an award for attorneys' fees. *Kabore v. Anchor Staffing, Inc.*, No. L-10-3204, 2012 WL 5077636, at *4 (D. Md. Oct. 17, 2012) (citing *In re Beenblossom*, BK 10-40335-TJM, WL 2710417, at *4 (Bankr. D. Neb. July 7, 2010)) (concluding that activities such as "file setup, scanning, setting up appointments" are clerical and, therefore not billable). Where a description is ambiguous as to whether the task is clerical or legal in nature, courts have declined to award fees for those hours. *Kabore*, 2012 WL 5077636, at *4 (declining to award fees for hours spent "prepar[ing] for mailing to 425 opt-ins" as it was "not immediately apparent what this 'preparation' entailed"). Having reviewed the time entries, the tasks performed do not appear to be clerical, and are tasks traditionally performed by an attorney. Plaintiff's counsel exercised billing judgment and did not bill time for services such as: (1) "Drafted and filed consent to Magistrate"; (2) "Received and reviewed materials from Federal Court"; and (3) "E-filed Motion for Summary Judgment." *See* Invoice 1–2. To the contrary, the Court finds that all non-legal work was properly recorded, but not billed.

Despite Plaintiff counsel's exercise of billing judgement, the Court agrees with Defendant and finds that 9.9 hours billed for reviewing the file was excessive. As stated by Defendant, the administrative record in this case was only 465 pages. Having presided over Social Security cases for over twenty years, it is the Court's experience that administrative

records are normally much longer than the record in this case. *See Roth v. Comm'r, Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2 (D. Md. Feb. 10, 2015) ("[T]he record in this case was 412 pages long, which is quite short in comparison with other Social Security appeals, which regularly involve records in excess of 700 pages."). Therefore, to expend close to ten hours reviewing the file and drafting an outline was excessive and redundant. Further the transcript of the actual hearing was only 24 page long. As such, the Court finds that Plaintiff's counsel did not sufficiently explain why 9 plus hours was needed to review and outline a 24-page transcript and the administrative record.

### i. (2) The Novelty and Difficulty of the Questions Raised

This case appears to be a typical Social Security Appeal. The issues litigated at this level: Plaintiff's mental impairments; the RFC determination; and the ALJ's reliance on the vocational expert, are not novel, and are regularly seen at the judicial review stage. As such, the Court finds that Plaintiff did not sufficiently describe in his motion or in a reply to Defendant's opposition, why a substantial amount of time was needed to review the record. In fact, it took Plaintiff's counsel just 0.7 hours longer to draft the Motion for Summary Judgment, which is arguably more time consuming than reviewing this administrative record. Although, Plaintiff's counsel ably filed: (1) the Complaint; (2) drafted and filed the Motion for Summary Judgment; and (3) managed the case, the Court finds that nothing was novel or difficult about this case for a seasoned Social Security Disability attorney.[3]

### ii. (5) The Customary Fee for Like Work

An additional factor considered by the Court is the customary fee attorneys charge for the type of work for which a fee award is sought. For the convenience of counsel, the Local Rules

---

[3] The experience, reputation, and ability of the attorney is discussed as a factor individually below.

include guidelines listing a presumptive range of reasonable hourly rates.  *Gonzales v. Caron*, No. CBD-10-2188, 2001 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("[G]enerally this Court presumes that a rate is reasonable if it falls within these ranges.").

Plaintiff's counsel seeks to recover fees based on hourly rates which fall within the guidelines set forth in the Local Rules.  Plaintiff's counsel did not supply affidavits or declarations from experienced attorneys outside of his firm who could attest to whether the rates charged by Plaintiff's counsel are customary for this work.  Nevertheless, the rate charged for Plaintiff's counsel is reasonable.  Plaintiff's counsel has been a member of the Maryland Bar since 1990.  *See* Maryland Attorney Listing, https://www.mdcourts.gov/cgi-bin/cstf.pl?inputname=piazza&firstname=&submit=Submit.  As such, the rate charged by Plaintiff's counsel is within the rate set forth in Appendix B of the Local Rule, and therefore, is reasonable.

### iii.   (8) The Amount in Controversy and the Results Obtained

The amount in controversy can only be decided by the Commissioner on remand.  However, Plaintiff's Motion requested that "[Plaintiff] be awarded the benefits he deserves [or] this case should be remanded to the Commissioner for further proceedings consistent with the Order of this Court."  Pl.'s Mot. for Summ. J. 25–26, ECF No. 13–1.  Although the Court did not overturn the decision of the Commissioner, the Court did remand the case back to the Commissioner, as requested by Plaintiff.

### iv.   (9) The Experience, Reputation, and Ability of the Attorney

Plaintiff's counsel has over 29 years of experience practicing law.  *See* About Vincent J. Piazza, Disability Law Center of Robert S. Piazza Jr PC, https://www.thedisabilitylawcenter.net/Vincent-j-piazza.  Of those 29 years, Plaintiff's counsel has more than 25 years handling Social

Security Disability cases. *Id.* Further, according to Plaintiff's attorney, "[h]e is the only board-certified Social Security Disability lawyer in Maryland." *Id.* Accordingly, the Court finds that Plaintiff counsel's extensive practice with Social Security Law provided Plaintiff with adequate representation.

### v.     (12) Attorneys' Fees Awards in Similar Cases

Plaintiff's counsel has not provided any examples of attorneys' fee awards in similar cases, but a review of a few cases reveals that Defendant's requested reduction is a reasonable amount to recover. *See Heather U. v. Comm'r, Soc. Sec. Admin.*, No. CBD-19-392 (D. Md. Apr. 22, 2020) (attorneys' fees paid in the amount of $2,385.30); *Hilary S. v. Comm'r, Soc. Sec. Admin.*, No. CBD-19-1018 (May 6, 2020) (attorneys' fees paid in the amount of $1,676.51); *Twala H. v. Comm'r, Soc. Sec. Admin.*, No CBD-18-4015 (Apr. 23, 2020) (attorneys' fees paid in the amount of $1,274.03); *Jeannette D. v. Comm'r, Soc. Sec. Admin.*, No. CBD-18-2664 (May 6, 2020) (attorneys' fees paid in the amount $3,937.18); *June G. v. Comm'r, Soc. Sec. Admin.*, No. CBD-18-3437 (D. Md. Jan. 10, 2020) (attorneys' fees paid in the amount of $915.00); *Valoise v. Comm'r, Soc. Sec. Admin*., No. SAG-18-3784 (D. Md. Aug. 23, 2019) (attorneys' fees paid in the amount of $1,687.50); *Franklin v. Comm'r, Soc. Sec. Admin*, No. SAG-18-3191 (D. Md. Aug. 21, 2019) (attorneys' fees paid in the amount of $1,260.00).

In conclusion, as stated above, the Court finds that the amount requested by Plaintiff's counsel is not reasonable. The Court finds that the 9.9 hours billed for reviewing the case was excessive. Plaintiff's counsel failed to carry the burden of establishing entitlement to his requested amount. As such, the Court finds that the 15% reduction suggested by Defendant is reasonable, and in line with the attorneys' fees awarded in similar cases. Defendant shall pay Plaintiff's counsel a reduced fee of $3,476.15.

## III. Conclusion

Based on the foregoing, the Court hereby **GRANTS IN PART** Plaintiff's Petition.

September 24, 2020

/s/
Charles B. Day
United States Magistrate Judge

CBD/hjd